UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
IN RE:

      FRANK S. STARON

                       Debtor.
-----------------------------------------------------------------X

**Hearing Date and Time:**
October 22, 2019 at 1:25pm


Chapter 13
Case No.: 19-36244

## **OBJECTION TO CONFIRMATION OF PLAN**

      Kevin T. MacTiernan, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

      1.     I am an associate with the law firm of Cohn & Roth, LLC, attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter "U.S. Bank"), a secured creditor of the Debtor herein, and as such, I am fully familiar with the facts and circumstances set forth herein.

      2.     U.S. Bank is a secured creditor of the Debtor by virtue of a Note and Mortgage secured against the Debtor's real property known as 55 Windwood Lane, Woodstock, NY 12498.

      3.     The Debtor's Chapter 13 Plan was filed on July 29, 2019 as ECF Doc No 4 (hereinafter, "the Plan").

      4.     Pursuant to 11 U.S.C. §1325(a)(1) and (5), the Court may not confirm a Plan which fails to comply with a provision of the Chapter 13 code, has been rejected by the holder of a secured claim, or fails to distribute property of value equal to or greater than the allowed amount of a secured creditor's claim.

      5.     U.S Bank has not yet filed its Proof of Claim, but will do so prior to the bar date. However, this loan is pre-petition due for February 2014 and U.S. Bank will assert a claim for pre-petition arrears approximately totaling in excess $180,000.00.  The Plan does not provide to pay

the pre-petition arrears owed to U.S. Bank.  Thus, the Plan fails to satisfy 11 U.S.C. §1322(b)(1)

and is not feasible because it does not provide for full payment to U.S. Bank, a secured creditor.

6.      Rather than provide for full payment to U.S. Bank of the pre-petition arrears, the

Plan references the Debtor's interest in entering into the Court's Loss Mitigation procedure.

Through the Loss Mitigation process, the Debtor intends to address the pre-petition arrears with a

mortgage modification that would recapitalize all pre-petition arrears into a new principal balance

which would create a new post-petition monthly payment.  However, the Debtor cannot

unilaterally alter the terms of the Mortgage. U.S. Bank will review the Debtor for all available

modification programs, but the Debtor cannot dictate the terms. Moreover, in the event loss

mitigation is unsuccessful, U.S. Bank would be entitled to payment of all the pre-petition arrears.

Finally, if loss mitigation is unsuccessful, the Debtor would still be obligated to tender all post-

petition installment payments or the Debtor will continue to be in default of the Note and

Mortgage.

7.      For the reasons set forth above, the Plan must be denied pursuant to 11 U.S.C.

§1325.


Dated:  Mineola, New York
        October 8, 2019                          COHN & ROTH, LLC

                                                 By:  /s/ Kevin T. MacTiernan_____
                                                 Kevin T. MacTiernan
                                                 Cohn & Roth, LLC
                                                 Attorneys for U.S. Bank
                                                 100 East Old Country Road
                                                 Mineola, New York 11501
                                                 (516) 747-3030